UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

JOAN JONES,
an individual,

    Plaintiff,

vs.

CASE NO:

R&M REAL PROPERTIES, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JOAN JONES ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues R&M REAL PROPERTIES, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") as well as for compensatory damages for personal injuries pursuant to Alabama Law, and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction under 28

1

U.S.C. Sections 1331 and 1343. This Court is vested with original jurisdiction under 28 U.S.C §§1331 and 1343 as well as supplemental jurisdiction pursuant to 28 U.S.C. §1367 insofar as Plaintiff's claim for personal injuries under Alabama law is concerned.

2. Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, JOAN JONES (hereinafter referred to as "Jones") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. Jones suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she has chronic arthritis, diabetes, heart disease and is limited in how far she can walk without mobility aids. Jones was awarded social security disability benefits approximately 10 years ago, prior to reaching retirement age. Prior to instituting the instant action, Jones visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. Jones continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that

continue to exist.

4.  The Defendant, R&M REAL PROPERTIES, LLC is a company registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief R&M REAL PROPERTIES, LLC (hereinafter referred to as "R&M") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: Walker County Paper Bingo located at 10508 Hwy 78 E., in Jasper, Alabama (hereinafter referred to as the "Bingo Center").

5.  On or about Saturday, July 13, 2019, Jones visited the Bingo Center, after having had knee surgery on the previous Tuesday, July 9, 2019. Jones relied on a walker to assist her with walking. Upon arriving at the Bingo Center, Jones could locate no accessible parking spaces and found the lot to be comprised of loose gravel. While attempting to leave to the Bingo Center, Jones' walker sank into the gravel and became trapped causing her to fall over it and suffer injuries to her back, neck, left arm and wrist.

6.  All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

7.  On or about July 26, 1990, Congress enacted the Americans with

Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Bingo Center owned by R&M is a place of public accommodation in that it is a Bingo Center operated by a private entity that provides goods and services to the public.

9. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Bingo Center in derogation of 42 U.S.C §12101 *et seq*.

10. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Bingo Center owned by R&M. Prior to the filing of this lawsuit, Plaintiff visited the Bingo Center at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 12, below, that she personally encountered, or which she learned about through subsequent investigation following her injury in the parking lot. In addition, Plaintiff continues to desire

and intends to visit the Bingo Center, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Bingo Center in violation of the ADA.  Jones has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

11. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12. R&M is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

> (i) There are no accessible parking spaces in the parking area;
>
> (ii) The parking surface is gravel with no firm and slip-resistant accessible route to the entry;
>
> (iii) There is an abrupt change in level of greater than 1 inch between the level of the parking area and the entry porch level that is not ramped;

  (iv) There is no accessible signage on both the men's and women's restroom doors;

  (v) Both entry doors to the men's and women's toilet rooms have knob type hardware on the toilet room entry door that requires tight grasping, pinching and twisting of the wrist to operate;

  (vi) There is no knee clearance at the lavatories in the men's and women's toilet rooms;

  (vii) The toilet compartments for both the men's and women's toilet rooms are too narrow and lack sufficient maneuvering clearances to enter or exit;

  (viii) There are insufficient maneuvering clearances to access the water closets in either toilet room;

  (ix) There is knob type hardware that requires tight grasping, pinching and twisting of the wrist to operate on the toilet compartments in both restrooms;

  (x) There are no grab bars in the toilet compartments in either of the toilet rooms;

13. There are other current barriers to access and violations of the ADA at the Bingo Center owned and operated by R&M that were not specifically

identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

14. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, R&M was required to make its Bingo Center, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, R&M has failed to comply with this mandate.

16. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

17. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to

the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against R&M and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

## **COUNT TWO--NEGLIGENCE *PER SE***
### *(Negligence as a matter of law)*

18.    Plaintiff adopts and incorporates paragraphs 1 through 6, above, as if fully set forth herein.

19. Defendant is responsible for the design, construction and maintenance of the parking lot upon which Jones suffered injury to her person.

20. Defendant was required by the applicable ADA Standards[1] to design, construct, alter and maintain the parking lot in question within certain parameters, including but not limited to, provision of accessible parking spaces and a firm and slip-resistant accessible route connecting the accessible parking spaces to the accessible entry to the Bingo Center.

21. The purpose of the ADA Standards as they relate to accessible parking spaces and accessible routes is to provide equal access to individuals with disabilities, such as Jones, and further to prevent such individuals from being injured in the manner in which Jones was injured on July 13, 2019, as described hereinabove.

22. Jones, by virtue of her disability and reliance on a walker for ambulation on July 13, 2019, is a member of the class protected by the ADA.

23. Defendant violated the ADA by failing to provide accessible parking spaces and a firm and slip-resistant path of travel to the entrance of the Bingo Center.

---

[1] The term "ADA Standards" as used in this Complaint refers to the 2010 ADA Standards consisting of both the Title III Regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D.

24. Defendant's failure to comply with ADA Standards mandating accessible parking and firm, slip-resistant accessible routes caused harm to Jones in precisely the manner that the ADA was intended to prevent.

25. Defendant has failed to design, construct, alter, and/or maintain the parking lot within the parameters set forth in the ADA Standards, which in turn resulted in Plaintiff's injuries, and, as such, Defendant is guilty of negligence *per se*.

WHEREFORE, PREMISIS CONSIDERED, Plaintiff demands judgment against Defendant as follows:

    A.    For such compensatory damages as the Court shall award;

    B.    For costs of court and expenses of suit;

    C.    For all such further or other relief as the Court deems necessary, just and proper.

## COUNT THREE--NEGLIGENCE

26. Plaintiff adopts and incorporates paragraphs 1 through 6, above, as if fully set forth herein.

27. Defendant is responsible for the design, construction and maintenance of the parking lot upon which Jones suffered injury to her person.

28. Defendant has a duty to provide a reasonably safe parking lot and route to enter the Bingo Center for its patrons with disabilities and business invitees such as Jones.

29. Defendant had notice or constructive notice of the unsafe and defective condition of its parking lot long before Jones was injured on July 13, 2019, and has been under a duty established by the ADA in 1990 to remove barriers to access on its property.

30. Defendant's failure to design, construct, alter and/or maintain its parking lot in a reasonably safe condition for its patrons with disabilities and business invitees proximately caused Plaintiff's personal injuries described hereinabove.

WHEREFORE, PREMISIS CONSIDERED, Plaintiff demands judgment against Defendant as follows:

    A.    For such compensatory damages as the Court shall award;

    B.    For costs of court and expenses of suit;

    C.    For all such further or other relief as the Court deems necessary, just and proper.

## COUNT FOUR

## NEGLIGENT HIRING, TRANING AND SUPERVISION

31.     Plaintiff adopts and incorporates paragraphs 1 through 6, above, as if fully set forth herein.

32.     Defendant had a duty both to provide a reasonably safe parking lot for its patrons with disabilities and business invitees and to properly hire, train and supervise its employees in the design, construction, alteration and/or maintenance of its parking lot.

33.     Defendant negligently hired, trained, and/or supervised its employees so as to cause the improper design, construction and/or maintenance of the parking lot in question upon which Plaintiff suffered personal injury.

34.     As a result of Defendant's negligent hiring, training and/or supervision of its employees with regard to the design, construction, alteration, and/or maintenance of its parking lot, Plaintiff has been caused to suffer personal injury, expense, frustration, embarrassment and humiliation.

WHEREFORE, PREMISIS CONSIDERED, Plaintiff demands judgment against Defendant as follows:

        A.     For such compensatory damages as the Court shall award;

        B.     For costs of court and expenses of suit;

        C.     For all such further or other relief as the Court deems necessary,

just and proper.

Dated this 7th day of January, 2020.

Respectfully submitted,

By:   /s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Email: edwardzwilling@zwillinglaw.com

Amanda H. Schafner, Esq. (ASB 5509s54c)
Schafner Law Group, LLC
P.O. Box 841
Birmingham, AL 35235
Telephone: (256) 490-3004
Email: ahschafner.law@gmail.com